# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JASON CABOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-11903-FDS |
| ) | |
| WILLIAM LEWIS, JOHN FALLON, ) | |
| and DOES 1-5, ) | |
| ) | |
| Defendants. ) | |

## ORDER CERTIFYING INTERLOCUTORY APPEAL

**SAYLOR, J.**

On March 12, 2015, defendant John Fallon moved for an order directing plaintiff Jason Cabot to produce certain third-party records, including documents and other information that related to mental-health treatment Cabot had received from Harvard University Health Services. On March 27, 2015, this Court referred the motion to Magistrate Judge Jennifer C. Boal.

On April 28, 2015, after a hearing, Judge Boal entered an order granting the motion in part, finding specifically that Cabot had waived his psychotherapist-patient privilege. On that same day, Cabot filed objections to the order and asked this Court to set it aside.

On June 15, 2015, the Court denied Cabot's appeal, finding that Judge Boal's order was not "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). Later that same day, Cabot filed an emergency motion to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant William Lewis filed an opposition to the motion on June 21, 2015, and defendant John Fallon filed an opposition on June 22, 2015.

Under § 1292(b), certification of an order for interlocutory appeal is appropriate where the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Here, the question is a substantial one: under what circumstances may a party be deemed to have waived the protection of the psychotherapist-patient privilege by putting his mental or emotional health at issue. Normally, a plaintiff who places the subject matter of a privileged communication at issue is deemed to have waived the protection of the privilege. Thus, for example, a plaintiff may waive the attorney-client privilege "by putting the lawyer's performance at issue during the course of litigation." *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("A party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.").

Nonetheless, in the context of the psychotherapist-patient privilege, courts have taken a variety of approaches to the subject of waiver. A number of courts, including the District of Massachusetts in *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (1997) (Tauro, J.), have adopted a "narrow approach," in which the privilege is only waived where plaintiff "introduce[s] evidence regarding the substance of h[is] conversations with h[is] psychotherapist in order to further h[is] claim of emotional damage," for example "by calling her psychotherapist as a witness . . . or by testifying to the substance of the communication h[im]self." 174 F.R.D. at 230. Other courts have adopted a broader approach, under which a plaintiff waives the privilege by making any claim of emotional distress or otherwise "placing his or her medical condition at issue." *See, e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Sarko v. Penn-Del*

*Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997).  Still others have adopted a "middle ground" approach, in which plaintiff waives the privilege only if he "alleges a separate tort for the distress, a[] specific psychiatric injury or disorder, or unusually severe distress," and not by "merely alleg[ing] 'garden variety' emotional distress."  *Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007) (quoting *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 n.8 (D.N.J. 2000).  The First Circuit has not adopted any specific approach, and therefore the issue is unsettled within this district.  For that reason, the Court finds that "there is substantial ground for difference of opinion" as to the question raised by the proposed appeal.

      The mere fact that the law is unsettled, by itself, is not normally a sufficient basis for certification of an interlocutory appeal.  However, an order concerning the scope and waiver of a privilege—particularly, an order finding that a privilege has been waived—poses special issues.  Because privileged communications, by their nature, are highly sensitive, their disclosure "may cause embarrassment or disgrace."  *See Jaffee v. Redmond*, 518 U.S. 1, 10 (1996).  If the party claiming to hold the privilege is required to reveal the substance of the communications, the protection of the privilege will be irrevocably lost.  *See, e.g.*, *In re Ford Motor Co.*, 110 F.3d 954, 962-64 (3d Cir. 1997) ("Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials. . . . [T]he cat is already out of the bag . . . . [T]here is no way to unscramble the egg scrambled by the disclosure. . . .").  A party seeking to uphold a privilege may have no realistic alternative, other than an interlocutory appeal or an action for mandamus, to preserve the confidentiality of the communications at issue.

      Finally, this case does not concern a garden-variety issue of privilege involving the application of well-established principles.  As noted, courts have adopted three different

approaches to resolving the question of waiver of the psychotherapist-patient privilege. It appears that plaintiff would prevail (that is, the privilege would be upheld) if the "narrow" approach were adopted, but would lose under the "middle" or "broad" approaches. And plaintiff's mental and emotional health, both before and after the incident in question, is central to the litigation. The issue of the waiver of the privilege is thus both legally significant and material to the litigation.

For the foregoing reasons, the Court finds that this question presents a "controlling question of law" and that certifying an interlocutory appeal would "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

Accordingly, the Court hereby CERTIFIES the following Orders of this Court for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):  the Order of Magistrate Judge Boal dated April 28, 2015 (Dkt. No. 129), granting in part defendants' request for production of documents related to Cabot's psychotherapy history, and the Order of this Court dated June 15, 2015 (Dkt. No. 166), affirming that Order on the ground that it was not clearly erroneous or contrary to law.

**So Ordered.**

Dated: July 8, 2015

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge