UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON CABOT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM LEWIS, *et al.*<br><br>　　　　Defendants. | CIVIL ACTION NO.: <u>13-CV-11903-FDS</u> |

**<u>PLAINTIFF'S MOTION TO COMPEL DEFENDANT FALLON'S
RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>**

COMES NOW Plaintiff Jason Cabot, who respectfully moves to compel responses to interrogatories and document requests previously propounded on Defendant John Fallon, pursuant to Fed. R. Civ. P. 37(a).  Defendant Fallon has not answered most interrogatories, simply referring to unspecified "deposition testimony," and has refused to answer others altogether, including those pertaining to discoverable financial information in accordance with the court's previous order on the same topic.  This is plainly impermissible under controlling First Circuit precedent.  *See Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012).  Likewise, Defendant Fallon has refused to provide relevant documents pertaining to his financial condition, or to provide responsive documents in response to other RFPs.

Plaintiff specifically requests that Defendant Fallon be compelled to provide fulsome answers to the following Interrogatories: **Nos. 1, 2, 5-10, 12, 13, 16-22, and 25.**  *See* Ex. A.  Plaintiff additionally specifically requests that Defendant Fallon be compelled to produce documents to the following RFPs: **Nos. 4, 11, 13-16, 20, 21, 23, 24, 28, and 29.**  *See* Ex. C.  Plaintiff also notes that Defendant Fallon did not sign the interrogatories under oath (i.e., under

penalty of perjury), as required by the Federal rules, and requests that he be ordered to do so. *See* Ex. D; Fed. R. Civ. P. 33(b)(3).

## **CERTIFICATE OF CONSULTATION**

Plaintiff has complied with Local Rules 7.1(a)(2) and 37.1, and with Fed. R. Civ. P. 37(a)(1), and has attempted in good faith to confer with Defendant Fallon's counsel in an effort to resolve this discovery dispute without court action. Plaintiff certifies that he has conferred with Defendant's counsel, Attorneys Kenneth Lee and Tom DiGangi, regarding resolution of the aforementioned issues as follows:

- On June 11, 2014, Plaintiff reached out to Defendant's counsel and informed him that many of the responses to interrogatories were inadequate, as they referred to unspecified deposition testimony rather than answering the interrogatories at issue.

- On June 12, 2014, Plaintiff and Defendant's counsel conferred telephonically. Defendant's counsel agreed to follow-up regarding amended interrogatory responses. Plaintiff also specified the specific responses to interrogatories that he felt were deficient. No follow-up was ever received from Defendant's counsel.

- On November 13, 2015, Plaintiff e-mailed Defendant's new counsel and asked him again to follow-up on amended interrogatory responses. Plaintiff and Defendant's counsel also attempted to address the matter via telephone conference. Despite these efforts, no follow-up or amended interrogatory responses were ever received.

- On December 31, 2015, Plaintiff again e-mailed Defendant's counsel regarding amended interrogatory responses. None were received

No issues raised in this Motion have been resolved or narrowed.

**ARGUMENT**

On April 27, 2015, Plaintiff served a set of interrogatories on Defendant Fallon. *See* Ex. A. Defendant Fallon subsequently responded to these interrogatories on or about May 26, 2015. *See* Ex. B.

However, Defendant Fallon answered most interrogatories by simply referring to unspecified deposition testimony. *See* Ex. B, Interrogatory Responses Nos. 1, 7, 10, 12, 13, 16, 17 (which refers to incomplete response No. 6), and 19.

The Federal rules provide that a party may answer an interrogatory *under limited circumstances* by reference to a "business record" – **not** deposition testimony. *See* Fed. R. Civ. P. 33(d). The reference to business records is only permissible where the "burden of deriving or ascertaining the answer will be substantially the same for either party," and even then, the responding party must identify specific records "in sufficient detail to enable the interrogating party to locate and identify" the responsive information. *Id.* Plaintiff has found no case permitting a responding party to answer interrogatories by referring to unspecified deposition testimony, or even by reference to specific deposition testimony, as deposition testimony is not a "business record." **In fact, First Circuit binding precedent provides that an answer to an interrogatory must be complete in itself and may not refer to the pleadings, to depositions, or to other interrogatories.** *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012) (**responses to interrogatories which "merely referred [propounding party] to deposition . . . . f[ell] short of obligations imposed by Rule 33**") (emphasis added). Besides, much of Defendant Fallon's deposition testimony did not address the specific issues raised. And a party cannot refuse to respond to a requesting party's discovery on the ground that the

3

requested information is already in the possession of the requesting party. *See, e.g., Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

Defendant Fallon answered other interrogatories only partially, without providing the specified information. For example, Interrogatory No. 6e requested Defendant to explain what was said to Bail Commissioner Penta regarding Plaintiff (who denied bail without speaking to Plaintiff, even though the Massachusetts regulations concerning provisions of bail state that bail should be granted in all but the most extreme cases). Yet Defendant answered only that he "contacted a bail commissioner concerning possible bail for Plaintiff and the bail commissioner denied bail," without explaining what was said as required. Likewise, Defendant answered that in Interrogatory Response No. 6b that Plaintiff did not speak with a bail commissioner, but refused to explain why he was not permitted to do so, as requested by the interrogatory. Similarly, in his Interrogatory Response No. 9, Defendant replies that William Lewis spoke with Plaintiff, but rather than describing what was said and by whom, Defendant simply refers to unspecified "deposition testimony." Defendant also only partially answered Interrogatory Nos. 2, 18, and 20, referring again to unspecified "deposition testimony." This is a violation of Rule 33(b)(3), which requires that "each interrogatory must . . . **be answered separately and fully**." (Emphasis added.)

And Defendant Fallon refused to answer other interrogatories altogether. *See id*, Interrogatory Responses Nos. 5, 8, 21, 22, and 25.[1]

Likewise, Defendant Fallon refused to provide responsive documents to numerous RFPs. For example, in his response to RFP No. 4, Defendant states that "responsive, non-privileged documents will be produced or made available for inspection and/or copying." *See* Ex. D. None

---

[1] Plaintiff agreed to reframe Interrogatory No. 25 to comport with the Court's order concerning Defendant Lewis's discoverable financial information.

were ever produced. In response to RFP No. 11, Defendant states that "transcripts of two voicemails left by Plaintiff will be produced or made available for inspection and/or copying." Yet only one such transcript was ever produced. And although Plaintiff requested the recordings of the actual voicemails themselves rather than transcripts, they were not provided by Defendant.[2] (This is especially ironic concerning Defendant's own requests for video footage, which Plaintiff already provided electronically.)

Plaintiff also requested in his RFPs that "in the event any requested document is known to have existed and cannot now be located or has been destroyed or discarded, the document shall be identified by the last known custodian, date of destruction or discard," and so forth. *See* Ex. C at 3-4, Paragraph 5. RFP No. 13 requested surveillance footage of the barracks containing Plaintiff, which is known to have existed. But Defendant does not explain the circumstances concerning the disappearance of this evidence. Defendant also failed to respond to RFPs 14-16, 23, and 24. And with respect to RFPs concerning discoverable financial information, which Plaintiff agreed to modify to conform to the Court's previous order concerning William Lewis, Defendant similarly failed to provide any responsive documents. *See* Ex. D, RFP Responses No. 20, 21, 28 and 29.

## CONCLUSION

Accordingly, Plaintiff requests that Defendant Fallon be ordered to provide fulsome answers to the following Interrogatories: **Nos. 1, 2, 5-10, 12, 13, 16-22, and 25** and to the following RFPs: **Nos. 4, 11, 13-16, 20, 21, 23, 24, 28, and 29**, and that Plaintiff provide revised interrogatory responses under penalty of perjury. Plaintiff also requests any other relief deemed just, including an award of sanctions under Fed. R. Civ. P. 37(a)(5)(A), as Defendant Fallon

---

[2] To the extent there were more than two voicemails, all should be produced.

refused to correct his responses without adequate cause—as his references to unspecified deposition testimony were plainly contrary to First Circuit controlling precedent.

Respectfully Submitted,

/s/ Jason Cabot
Jason Cabot, Plaintiff
930 Sutter St., Apt 607
San Francisco, CA 94109
frcabot@gmail.com
Tel: (213) 270-4815

Dated: January 12, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document and the attached declaration were served upon counsel for all parties by operation of the Court's Electronic Case Filing System on January 12, 2016.

/s/ Jason Cabot
Jason Cabot, Plaintiff
