UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON CABOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-11903-FDS |
| ) | |
| WILLIAM LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON DISCOVERY MOTIONS

**SAYLOR, J.**

This action arises out of an alleged altercation between plaintiff Jason Cabot and two Massachusetts State Police troopers, defendants William Lewis and John Fallon. Plaintiff alleges that defendants assaulted him, falsely arrested him, and subjected him to a strip-search without probable cause. He seeks relief under 42 U.S.C. § 1983, the Massachusetts Civil Rights Act, and tort law.

The parties have filed numerous discovery-related motions seeking sanctions for failures to comply with discovery orders and extensions of time. Each will be addressed in turn.

First, defendants have moved to dismiss the action for plaintiff's failure to comply with discovery orders and to permit his own deposition to be completed. (Docket No. 244). Defendants contend that on four separate occasions, plaintiff either canceled scheduled depositions at the last minute or simply failed to appear. After the Court ordered on April 13, 2016, that depositions be completed on or before May 12, 2016, plaintiff appeared at his deposition on May 10, 2016, but refused to answer several questions and the deposition was suspended. Plaintiff then filed a motion to terminate his deposition, which this Court denied on

May 13, 2016.  On May 19, 2016, defendants provided plaintiff with notice of his deposition continuance to take place on June 21, 2016.  Plaintiff refused to appear at that deposition, claiming he would only appear with a court order.

On July 1, 2016, defendants moved to dismiss the complaint due to plaintiff's repeated refusal to appear at and complete his noticed depositions.  On July 20, 2016, this Court issued an order requiring plaintiff to show cause in writing by August 3, 2016, why this action should not be dismissed for failure to provide discovery.  Plaintiff failed to show cause by that date.  On August 8, 2016—five days after the court ordered deadline—he filed a motion for an extension of time to file a response to the Court's order.  His motion stated simply that "[he] is currently attending to numerous other litigation matters, and cannot properly respond in the time allotted."

*Pro se* litigants are generally treated with more leniency than those represented by counsel.  *See, e.g., Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  However, as a graduate of Harvard Law School, a member of the bar, and an associate at a large San Francisco law firm, plaintiff is surely familiar with the significance of court-ordered deadlines and discovery orders.  *See Cintron-Lorenzo v. Deptartamento de Asuntos del Consumidor*, 312 F.3d 522, 526–27 (1st Cir. 2002) (declining to treat with leniency *pro se* litigant who was an attorney).  Nonetheless, given the strong preference for deciding cases on the merits, *see Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir. 1980), his motion for an extension of time is granted.  Defendants' motion to dismiss is therefore denied.

However, if this action is to proceed, plaintiff must appear to complete his deposition.  Therefore, plaintiff is hereby ORDERED to appear to complete his deposition on or before April 12, 2017.  If plaintiff fails to appear on or before that date, this case will be dismissed for failure to comply with court-ordered discovery pursuant to Rule 37(b)(2)(A)(v).

On August 19 and 22, 2016, plaintiff moved for extensions of time to file oppositions to defendants' motions for summary judgment. (Docket Nos. 262 and 264). Because plaintiff did subsequently file his oppositions, those motions will be denied as moot. Again, because of the preference for deciding cases on the merits, his oppositions will be treated as timely.

On August 25, 2016, plaintiff moved to impose sanctions on the Massachusetts State Police for their failure to comply with Rule 30(b)(6). The State Police was ordered to appear for a deposition and to produce knowledgeable witnesses. Plaintiff contends that one of its witnesses lacked knowledge of the subject matters on which he was designated to testify. Plaintiff now seeks to recover the costs of that deposition.

Because plaintiff has himself repeatedly failed to appear for noticed depositions, any sanctions imposed on the parties would be cross-sanctions. Plaintiff's request for sanctions will therefore be denied. However, the Massachusetts State Police is hereby ORDERED to produce a witness, on or before April 12, 2017, who is competent to testify as to the Massachusetts State Police investigation into the alleged actions by defendants Lewis and Fallon that form the basis of this lawsuit.

For the foregoing reasons:

1. Defendant's motion to dismiss (Docket No. 244) is DENIED;
2. Plaintiff's motion for an extension of time (Docket No. 255) is GRANTED in part and DENIED in part;
3. Plaintiff's motion for an extension of time (Docket No. 262) is DENIED as moot;
4. Plaintiff's motion for an extension of time (Docket No. 264) is DENIED as moot;

5. Plaintiff's motion for sanctions (Docket No. 269) is GRANTED in part and DENIED in part;

6. Plaintiff Jason Cabot is hereby ORDERED to appear to complete his deposition on or before April 12, 2017; and

7. Deponent the Massachusetts State Police is hereby ORDERED to produce a witness, on or before April 12, 2017, who is competent to testify as to the Massachusetts State Police investigation into the alleged actions by defendants Lewis and Fallon that form the basis of this lawsuit.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  March 15, 2017                    United States District Judge